NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No. 17-18 |
| ROBERT KLYVERT, | **OPINION** |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Compassionate Release under the First Step Act filed by Defendant Robert Klyvert ("Defendant"). (ECF No. 285.) The United States of America (the "Government") opposes. (ECF No. 290.) The Court has decided the Motion based on the written submissions of the parties and without oral argument. For the reasons stated herein, Defendant's Motion for Compassionate Release (ECF No. 285) is denied.

## BACKGROUND

On January 18, 2019, Defendant pleaded guilty to distribution of crack cocaine. (ECF No. 209.) On May 8, 2019, the Court sentenced Defendant to sixty months' imprisonment and five years' supervised release. (ECF No. 253.) Defendant is incarcerated at FCI Williamsburg. (Def.'s Br. at 7, ECF No. 285.) FCI Williamsburg currently has one confirmed active COVID-19 case among inmates and one confirmed active case among staff members. *COVID-19*

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

*Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last updated Mar. 26, 2021). Defendant's projected release date is September 18, 2023. (Def.'s Br. at 1.)

Defendant sought release from the Federal Bureau of Prisons ("BOP") three times. (*See* Def.'s Attach. A, ECF No. 285-2.) The Warden denied each request. (*Id.*) Defendant appealed the Warden's third denial to the BOP's Regional Director. (*See* Def.'s Attach. H., ECF No. 285-9.) On December 30, 2020, the Regional Director also denied Defendant's request for release. (*Id.*) The Regional Director stated, "You are assigned a Medical Care Level 2 assignment, which supports the institution's assessment that your medical condition is considered stable, chronic care." (*Id.*)

On February 19, 2021, Defendant filed a Motion for Compassionate Release under the First Step Act in this Court. (ECF No. 285.) The Government filed an Opposition. (ECF No. 290.) Defendant's Motion is presently before the Court.

## **LEGAL STANDARD**

Under the First Step Act of 2018, a court may reduce a defendant's sentence and order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). "[B]efore granting compassionate release, a district court must consider[] the factors set forth in [18 U.S.C.] § 3553(a) 'to the extent they are applicable.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).[2]

---

[2] The statute provides, in relevant part,

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—

Congress directed the U.S. Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction . . . ." 28 U.S.C. § 994(t). In response, the Sentencing Commission issued U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (the "Policy Statement"). The Sentencing Commission has not revised the Policy Statement since passage of the First Step Act. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020). The Third Circuit "ha[s] not directly addressed the applicability of [the Policy Statement] in th[e] context [of compassionate release motions in the COVID-19 pandemic], though [it] ha[s] noted that, under [18 U.S.C.] § 3582(c)(1)(A), a sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Burton*, 2021 WL 796413, at *2 (3d Cir. Mar. 2, 2021) (quoting *Pawlowski*, 967

---

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the facts set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction . . .

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

3

F.3d at 329 n.6).

## DISCUSSION

Defendant has satisfied the First Step Act's exhaustion requirement. (*See* Def.'s Br. at 5.) The Court proceeds to consider potential "extraordinary and compelling reasons" and whether the 18 U.S.C. § 3553(a) factors warrant a modification of Defendant's sentence.

### I.   Extraordinary and Compelling Reasons

Defendant, forty-nine (Opp'n at 1, ECF No. 290), argues that he suffers from health conditions that increase his risk of severe illness or death from COVID-19. (Def.'s Br. at 1–2, 6.) These conditions appear to include, among other things, hypertension, chronic hepatitis, minimal periportal fibrosis, primary biliary cirrhosis, and mild centrilobular emphysema in 2015. (*Id.* at 1–2.) On December 21, 2020, Defendant tested positive for COVID-19. (Def.'s Attach. G, ECF. No. 285-8.) Defendant was asymptomatic and has since "recovered." (*Id.*; Def.'s Br. at 15.)

The Centers for Disease Control and Prevention (the "CDC") has identified certain medical conditions that increase the risk of severe illness or death from COVID-19. According to the CDC, emphysema, cirrhosis, hypertension, and fibrosis "can make [one] more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021).

Based on consideration of Defendant's medical records and other submissions, however, the Court concludes that Defendant has not demonstrated that he "[s]uffer[s] from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13, Application Note 1(A). Nor has Defendant demonstrated other

extraordinary and compelling reasons for release under Application Note 1(D) of the Policy Statement. *See id.* § 1B1.13, Application Note 1(D). Accordingly, extraordinary and compelling circumstances do not warrant a modification of Defendant's sentence at this time.

## II.    18 U.S.C. § 3553(a) Factors

The § 3553(a) factors, considered as a whole, do not support Defendant's Motion for Compassionate Release. These factors include, among other things, "the seriousness of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," *id.* §§ 3553(a)(2)(A)–(B). Defendant was previously convicted of possession with intent to distribute cocaine and marijuana. (Opp'n at 11.) For that offense, he was sentenced in 2004 to twenty-seven months' incarceration and five years' supervised release. (*Id.*) In this case, Defendant pleaded guilty to distribution of crack cocaine. (ECF No. 209.) Defendant's sixty-month sentence provides just punishment for his offense and promotes specific and general deterrence. Moreover, Defendant has over twenty-nine months remaining on his sentence. (*See* Def.'s Br. at 1.) This, too, favors the Government's position. *See Pawlowski*, 967 F.3d at 330–31 (affirming denial of a compassionate release motion in part because of the amount of the time remaining on the defendant's sentence). The Court recognizes that Defendant has taken courses in prison and appears to have no recent disciplinary history. (*See* Def.'s Attach. N, ECF No. 285-15.) On balance, however, the applicable § 3553(a) factors weigh against Defendant's release.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under the

First Step Act (ECF No. 285) is denied. An appropriate Order will follow.


Date: <u>March 29, 2021</u>                                                          <u>*/s/ Anne E. Thompson*    </u>
                                                                                     ANNE E. THOMPSON, U.S.D.J.